**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN VON STAICH,

    Petitioner,

vs.

A. P. KANE, Warden,

    Respondent.

No. C 04-3767 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DISMISSAL WITH LEAVE TO AMEND OR REQUEST STAY**

    This is a habeas case filed pro se by a state prisoner. Respondent has filed a motion to dismiss in which she contends that several issues are not exhausted and that as to one exhausted issue petitioner has not sufficiently alleged a basis for habeas relief. Petitioner has opposed the motion, respondent has filed a reply, and petitioner has responded to the reply. The motion is ready for ruling.

**DISCUSSION**

    In his petition, petitioner presented two groups of claims. The group going to grooming regulations was dismissed in the initial review order. The court issued an order to show cause on the parole issues petitioner raised in the second group and on one issue he raised in a supplemental petition. These issues were: (1) The rejection of parole violated the Americans With Disabilities Act, in that parole was denied in part because he had not obtained vocational training that he is not physically able to do, and violated his due process rights because it did not conform to state law; (2) the denial of parole violated his right not to be subject to an ex post facto law; (3) his due process rights were violated because a "some evidence" standard was used to deny parole; (4) his due process rights were violated because the denial of parole subjects him to the punishment provided by

1  California law for first degree murder, not the second degree murder for which he was
2  convicted; (5) his due process rights were violated by the Board's use of rules violation
3  reports as a reason to deny parole; (6) his due process rights were violated when the Board
4  relied on a psychologist's report that he would be dangerous in the future if released; and
5  (7) his due process rights are violated by California law that allows the parole board to
6  reconsider the facts of the crime and treat petitioner as if he had been convicted of first
7  degree murder.

*A. Exhaustion*

Respondent contended in her motion to dismiss that only issue three was exhausted, and that issue three was insufficient to state a claim for habeas relief. However, respondent concedes in her reply that petitioner is correct that issues one and four also are exhausted. Thus the respondent's first contention is that issues two, five, six and seven are unexhausted.

*1. Applicable law*

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[1] with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),©; *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

///

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *Id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *Id.* at 1006 n.3.

2

If the petition combines exhausted and unexhausted claims, *Rose v. Lundy*, 455 U.S. 509 (1982), requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions: One is that when the petition fails to raise even a colorable federal claim, it may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996). A claim is "fairly presented" only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The specific factual basis of the federal claim also must be presented to the highest state court. *Kelly v. Small*, 315 F.3d 1063, 1067-69 (9th Cir. 2003) (finding unexhausted ineffective assistance of counsel and prosecutorial misconduct claims where specific instances of ineffectiveness and misconduct asserted in federal petition were neither in the California Supreme Court petition nor discussed by the court of appeal).

For purposes of exhaustion, pro se petitions in state court may, and sometimes should, be read differently from counseled petitions. *Peterson*, 319 F.3d at 1159.

*2. Analysis*

Petitioner alleged in his petition that he exhausted his claims by way of two state habeas petitions, the denials of which were attached. Respondent has provided the petitions for those two cases; it is evident that the first petition, California Supreme Court number S121118, went to the grooming issues this court dismissed from the case in the

3

order to show cause. The second petition, California Supreme Court number S121120, exhibit B to respondent's motion to dismiss, contains petitioner's attempts to exhaust his parole issues, with one exception noted below. Having reviewed the petition, the court concludes that respondent is correct that petitioner did not exhaust issues two, five, six and seven in this petition.

Petitioner argues in his opposition, with supporting detail and page citations to his state habeas petition, that his issues one and four were fairly presented, in addition to issue three which respondent agreed was exhausted. As respondents have conceded, these contentions are correct. But he also argues in only general terms that his petition was good enough to exhaust all issues; as to that, he is wrong. It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *See Picard*, 404 U.S. at 277. State courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Despite the length of his state petition, and making all allowance for his pro se status, petitioner simply did not present issues two, five, six and seven to the California Supreme Court in his habeas petition.

Petitioner additionally contends that he exhausted issue seven by presenting it to the California Supreme Court in a "Petition for Rehearing on Two Habeas Corpus Petitions ... Filed in Accordance with IOOP 7, XI. Review of Determination by the Commission on Judicial Performance." However, it does not constitute "fair presentation" if the claim is raised by a procedural method which makes it unlikely that the claim will be considered on the merits, *see Castille v. Peoples*, 489 U.S. 346, 351 (1989), as was the case with this problematic document.[2]

Petitioner did not exhaust issues two, five, six and seven, making this a mixed

---

[2] The court notes that it is stamped "received" by the Supreme Court of California, rather than "filed." It also has no case number. It thus appears that the court did not accept the filing.

4

1 petition. He must elect from the three possible courses of action set out in the conclusion 2 section below.

### B. Adequacy of pleading

Respondent contends that petitioner's third issue, which is exhausted, should be dismissed because it is not sufficient to allege a constitutional violation.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2© of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

In issue three petitioner contends that use of the "some evidence" rule by the Board to deny him parole violated due process. Respondent contends that the transcript petitioner has attached to his petition shows that the Board never used the phrase "some evidence," or any other formulation describing the standard of proof it was applying, so petitioner has failed to show the necessary "real possibility of constitutional error." The court concludes, however, that the transcript is sufficient to provide the facts, and that the board presumably applied the standard of decision which is appropriate under California law. This portion of the motion will be denied.

## CONCLUSION

1. Respondent's motion to dismiss (document number 11 on the docket) is **GRANTED IN PART AND DENIED IN PART**. It is granted as to the contention that this is a mixed petition, and denied as to the contention that issue three is insufficient to raise a constitutional claim.

5

2. Petitioner may chose from three possible courses of action: (1) he may dismiss this petition with an eye to exhausting and then filing another federal petition;[3] (2) he may amend the petition to dismiss the unexhausted issue, and proceed with those which are exhausted;[4] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the plea bargain issue, then, if unsuccessful in state court, return here and ask that the stay be lifted. If he chooses the third option, asking for a stay, he must show "good cause" for his failure to exhaust sooner, that the issue is "potentially meritorious," and that he has not engaged in "dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

3. Petitioner must elect one of the three choices set out in section three within thirty days of the date this order is entered. If he does not, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: March 12, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.04\STAICH767.EXH

---

[3] This option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations.

[4] If he chooses this option he probably will not be able to file a future federal petition containing the issues which are presently unexhausted, even if he exhausts them in the future, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).